IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 15-y-00040-LTB
(Removal from District Court, Arapahoe County, Colorado,
Case Nos. 12CR0679, 13CR1814)

THE PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

ALFONSO CARRILLO,

    Defendant.

ORDER FOR SUMMARY REMAND

Defendant, Alfonso Carrillo, has filed, *pro se*, a "Notice of Removal and Request for Hearing Pursuant to 28 U.S.C. § 1443(1)(2) and § 1446(a)(d)(c)(g)" (ECF No. 1) in which he states that he is removing to this Court criminal case numbers 12CR0679 and 13CR1814 from the Arapahoe County, Colorado, District Court.[1] The Court must construe the Notice of Removal liberally because the Mr. Carrillo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the case will be remanded summarily to the state court.

Title 28 U.S.C. § 1446(a) provides that a notice of removal must include "a short and plain statement of the grounds for removal." In the Notice of Removal, Mr. Carrillo alleges that he is being prosecuted in the state criminal actions for

---

[1] The Court notes that Mr. Carrillo attempted previously to remove Arapahoe County District Court Case No. 12CR0679 to this Court in Case No. 12-cr-00437-LTB. The Court issued an Order for Summary Remand in that case on October 26, 2012.

> providing real estate consulting services "aimed to homeowners facing questionable or plainly fraudulent foreclosure proceedings, and for them to negotiate, defend, keep or acquire their homes by amicably mutual beneficial negotiation first, but ultimately in judicial settlements, by taking legal action in Federal court(s), especially for the most affected minorities; **Hispanics or Latinos,** that have [the right to make and enforce contracts under 42 U.S.C. § 1981, and to purchase and hold real estate, pursuant to 42 U.S.C. § 1982].

(ECF No. 1, at 2) (Emphasis in original). Mr. Carrillo asserts that "the Colorado State Laws as applied to prosecute defendant will deny his Federal protections for racially equal civil and housing rights." (ECF No. 1-2, at 2). He further contends that the district attorney's goal is "to *racially* discriminate and deprive petitioner of his protected equal civil and housing rights, . . . *because of* [his race]." (ECF No. 1, at 3) (Emphasis in original).

The state criminal complaints show that Mr. Carrillo has been charged in Case 12CR0679 with one count of forgery and one count of offering a false instrument for recording the first degree; and, in Case No. 13CR1814 with one count of theft. (ECF No. 1-2, at 32-33, 63-64).

Even construing the Notice of Removal liberally, the Court is unable to ascertain any legitimate basis for removal of this action under the relevant statutes. Title 28 U.S.C. §§ 1442, 1442a, and 1443 all authorize the removal of certain criminal prosecutions, but Mr. Carrillo makes no allegations relevant to § 1442, which applies to actions against federal officers or agencies, or to § 1442a, which applies to members of the armed forces. Although Mr. Carrillo contends that his constitutional rights have been violated, the Court finds that the instant action also may not be removed pursuant to § 1443, which authorizes the removal of certain civil rights cases.

The two requirements for removal under § 1443(1) are narrow and well-defined. *See Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219). Mr. Carrillo's conclusory assertions that he is being prosecuted because of his national origin do not meet the high hurdle imposed by *Georgia*. *See* 384 U.S. at 792.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed. 1985). Mr. Carrillo does not allege specific facts to demonstrate an inability to enforce his constitutional rights in the

state court criminal prosecutions. Therefore, removal pursuant to § 1443(1) is not appropriate.

Section 1443(2) is inapposite because the statute "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood*, 384 U.S. at 824. Mr. Carrillo does not allege that he is either a federal officer or a person assisting a federal officer in the performance of official duties providing for equal civil rights.

Because it clearly appears on the face of the Notice of Removal that removal of this action should not be permitted, the action will be remanded summarily to the state court pursuant to 28 U.S.C. § 1446(c)(4). Accordingly, it is

ORDERED that Case Nos. 12CR0679 and 13CR1814 are remanded summarily to the Arapahoe County District Court. It is

FURTHER ORDERED that the clerk of this court shall mail a certified copy of this order to the clerk of the Arapahoe County District Court.

DATED June 24, 2015, at Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court